<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMANDA L.,<br><br>     Plaintiff,<br><br> v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[1]<br><br>     Defendant. | Civil Action No. 24-08488 (GC)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

  **THIS MATTER** comes before the Court upon Plaintiff Amanda L.'s [2] appeal from the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*.  After carefully considering the entire record, including the entire Administrative Record and the parties' submissions, the Court decides this matter without oral argument in accordance with Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Court **AFFIRMS** the Commissioner's final decision.

---

[1]  Frank Bisignano, in his official capacity as Commissioner of Social Security, is substituted as Defendant.  Fed. R. Civ. P. 25(d).  This action "shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security." 42 U.S.C. § 405(g).

[2]  Plaintiff is identified by first name and last initial.  *See* D.N.J. Standing Order 2021-10.

I.  **BACKGROUND**

Plaintiff, a 42-year-old female and high school graduate, challenges the Commissioner of Social Security's determination that she does not qualify for Supplemental Security Income (SSI). On June 10, 2022, Plaintiff filed an application for SSI benefits alleging disability beginning on May 6, 2022 due to schizophrenia, bipolar disorder, agoraphobia, generalized anxiety disorder, and arthritis in the ankles.[3]  (AR 133.[4])  Plaintiff later amended the disability onset date to June 10, 2022.  (*Id*. at 133, 143.)

Plaintiff states that her anxiety and mood dysregulation have been present since childhood. (*Id*. at 609.)  Plaintiff last worked in 2011 as an assistant manager at Blockbuster, where she supervised five other workers, handled banking, and hired and fired employees.  (*Id*. at 140, 259, 371).  While some records state that Plaintiff left her job due to the store closing, (*see id*. at 257, 268, 293), at least one medical record states that Plaintiff was let go due to drinking on the job, (*id*. at 610).

Plaintiff's SSI application was initially denied on December 6, 2022, (*id*. at 132), and denied again on reconsideration on January 11, 2023, (*id*. at 142).  Plaintiff requested a hearing that was held telephonically before an administrative law judge (ALJ) on August 9, 2023.  (*See id*. at 36-66.)  On October 4, 2023, the ALJ issued an unfavorable decision finding that Plaintiff was able to perform work such as office helper, routine clerk, or small products assembler II, and therefore was not disabled for the purpose of SSI benefit eligibility.  (*See id*. at 12-25.)  The Appeals

---

[3]  Plaintiff only challenges the Administrative Law Judge's findings related to her mental impairments.  Therefore, this opinion does not address Plaintiff's alleged physical impairments.

[4]  "AR" refers to the Administrative Record.  (*See* ECF No. 7.)  This Opinion cites the Record's internal page numbers when referring to the Administrative Record. Page numbers for all other cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Council denied review on July 8, 2024. (*Id*. at 1-6.) Thus, Plaintiff commenced this action on August 15, 2024. (ECF No. 1.) On December 18, 2024, Plaintiff submitted her moving brief. (ECF No. 10.) The Commissioner responded (ECF No. 14) and Plaintiff replied (ECF No. 15).

## II.     LEGAL STANDARD

### A.     Standard of Review

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). In conducting this review, the Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Instead, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and "supported by substantial evidence." *Gober v. Matthews*, 574 F.2d 772, 775-76 (3d Cir. 1978) (citation omitted).

Substantial evidence is "defined as 'more than a mere scintilla'; it means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). The ALJ's decision must be set aside if the ALJ did not consider the entire record or failed to resolve an evidentiary conflict. *Schonewolf v. Callahan*, 972 F. Supp. 277, 284-85 (D.N.J. 1997) (citing *Gober*, 574 F.2d at 776 (3d Cir. 1978)).

"Where the ALJ's findings of fact are supported by substantial evidence," the Court is "bound by those findings, even if [it] would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *see also* 42 U.S.C. § 405(g) ("The findings of the

3

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006). Legal issues, in contrast, are subject to a plenary review. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019) ("We exercise plenary review over legal conclusions reached by the Commissioner . . . .") (quoting *Chandler*, 667 F.3d at 359).

    **B.**    **Determining Disability**

To be eligible for disability insurance benefits under the Social Security Act, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual's impairment must be severe to the point that the individual cannot engage in his or her previous work or in "any other kind of substantial gainful work which exists in the national economy," i.e., work that exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A); *Plummer*, 186 F.3d at 427-28. A physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Disability determinations are made individually "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).

The Social Security Administration has developed a sequential, five-step process for evaluating disability claims. The process considers whether the claimant:

> (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to

4

perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy.

*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

"The evaluation will continue through each step unless it can be determined at any point that the claimant is or is not disabled." *Rios v. Comm'r of Soc. Sec.*, 444 F. App'x 532, 534 (3d Cir. 2011) (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the ultimate burden at the first four steps, at which point the burden shifts to the Commissioner at the fifth step. *See Hess*, 931 F.3d at 201 ("The burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security.").

### III.    THE ALJ'S DECISION

On October 4, 2023, the ALJ issued an unfavorable decision finding that Plaintiff was able to perform work such as an office helper, routine clerk, or small products assembler II, and therefore was not disabled for the purpose of disability insurance benefits. (*See* AR 12-25.) Pursuant to 20 C.F.R. § 416.920(a), the ALJ evaluated Plaintiff's claim based on the five-step process, outlined above, for determining whether an individual is disabled and entitled to said benefits. (*See generally id.*)

At step one, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity (SGA) since her June 10, 2022 application submission. (*Id.* at 17.) At step two, the ALJ found that Plaintiff suffered from "the following severe impairments: bilateral ankle arthritis, Achilles tendinosis, schizophrenia, depressive disorders, and anxiety disorders." (*Id.* at 18 (citing 20 C.F.R. § 416.920(c)).) However, at step three, the ALJ found that while these impairments were severe, they were not of a severity to meet or medically equal the criteria of an impairment as listed in 20 C.F.R Pt. 404, Subpt. P, App. 1, Pt. A. (*See id.* at 18-22.)

Prior to turning to steps four and five, the ALJ assessed the evidence and determined that "the record evidence supports no greater than moderate work-related mental functional limitations as a result of the claimant's mental impairments." (*Id*. at 25.) The ALJ found that Plaintiff retained the residual functional capacity (RFC)[5] to perform a reduced range of light work with limitations including the ability to understand, remember, and carry out simple instructions and tasks; perform goal-oriented tasks, but not time-pressured tasks that involve hourly production quotas; occasionally interact with supervisors and coworkers; never interact with the public; never perform tasks that involve working in tandem with coworkers; and tolerate occasional changes in routine work setting. (*Id*. at 21.)

In reaching the RFC determination, the ALJ considered Plaintiff's medical records, questionnaires and opinions from three of Plaintiff' treating providers at Positive Reset Mental Health Clinic, Jean M. Christie, LCSW (LCSW Christie), Sangeat Khanna, M.D. (Dr. Khanna), and Denise Karpf, LSW (LSW Karpf), along with reports prepared by state agency psychological consultants, Stacy Koutrakos, Ph.D. and Michelle Butler, Psy.D. (*See generally id*.) While Dr. Khanna, LCSW Christie, and LSW Karpf all found that Plaintiff suffered from severe limitations

---

[5]  A claimant's RFC represents the maximum work-related activities they can perform given their physical and mental limitations, as defined in federal regulations 20 C.F.R. § 416.945(a)(1). During administrative hearings, the ALJ determines a claimant's RFC, rather than treating physicians, examining doctors, or state agency consultants. *Id*. § 416.946(c); *see also Chandler*, 667 F.3d at 361 ("The ALJ—not treating or examining physicians or State agency consultants— must make the ultimate disability and RFC determinations.") (citations omitted). When establishing a claimant's RFC, the ALJ must review all available evidence. *Plummer*, 186 F.3d at 429; *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason.").

that foreclosed Plaintiff's ability to work,[6] Koutrakos and Butler concluded that Plaintiff's conditions "resulted in no greater than mild to moderate work-related mental limitations" based on their review of Plaintiff's medical records. (*See id*. at 26-27.)

The ALJ found Butler and Koutrakos' opinions to be persuasive as they were "consistent with and supported by the claimant's longitudinal mental health treatment records." (*Id*. at 26.) In contrast, the ALJ deemed the treating providers' opinions to be unpersuasive. (*Id*. at 27.) The ALJ explained that Plaintiff's "conservative level of treatment, consisting of regular outpatient therapy and prescribed medication, with no evidence o[f] inpatient psychiatric hospitalizations or even referrals to higher level of care such as an intensive outpatient/partial hospitalization, is [ ] not consistent with the degree of limitation opined in the questionnaire[s]" completed by Dr. Khanna, LCSW Christie, and LSW Karpf. (*Id*. at 27.)

At step four, the ALJ found that Plaintiff was unable to return to her past relevant work as a retail assistant manager. (*Id*. at 28.) At step five, relying on the testimony of the vocational expert, the ALJ found that Plaintiff was capable of performing work that existed in significant numbers in the national economy including the occupations of office helper, routing clerk, and

---

[6] Dr. Khanna and LCSW Christie jointly filled out a questionnaire in August 2023 which assessed Plaintiff to be "seriously limited" (able to perform activities only 15% of the time) or "unable to meet competitive standards" in almost all work-related areas, would be distracted or unfocused 100% of the workday, and unable to work due to her impairments. (AR 628-29.) Dr. Khanna also completed a questionnaire in March 2022, which indicated that Plaintiff should avoid almost all work activities, is incapable of even low-stress jobs, and has marked difficulties with concentration, persistence, social functioning, and daily living activities. (*Id*. at 495-500.) Similarly, LSW Karpf's March 2022 questionnaire found that Plaintiff suffers from marked to extreme limitations in concentration, persistence, social interaction, and self-management, and has psychological symptoms that interfere with work at least 20% of the time. (*Id*. at 501-504.) LSW Karpf concluded that Plaintiff could not sustain regular employment due to her mental impairments. (*Id*.)

7

small parts assembler II. (*Id*. at 29.) Based on these findings, the ALJ determined that Plaintiff was not disabled under the Social Security Act. (*Id*. at 30.)

## IV.     DISCUSSION

Upon review of the ALJ's opinion and the Administrative Record, the Court finds good cause to affirm the Commissioner's decision. In reaching a decision, an ALJ must evaluate the evidence and explain the reasons for accepting or rejecting evidence. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). Here, the ALJ provided sufficient reasoning for the Court to determine that the ALJ's findings are supported by substantial evidence.

In support of her appeal, Plaintiff advances one principal argument: that the "ALJ's RFC determination is not supported by substantial evidence . . . because [the ALJ] failed to comply with the requirements of 20 C.F.R. § 416.920c(b)(2) and failed to point to specific evidence in her determination of persuasiveness of each opinion, precluding meaningful review." (ECF No. 10 at 15.) Under 20 C.F.R. § 416.920c, ALJs must evaluate the persuasiveness of medical opinions according to specific criteria and may not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Id*. § 416.920c(a). Instead, an ALJs must consider five factors when evaluating medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. *Id*. § 416.920c(c).

Plaintiff specifically challenges the ALJ's adherence to section (b)(2) of the regulation, which designates supportability and consistency as "the most important factors [the ALJ must] consider when [ ] determin[ing]" the persuasiveness of a medical opinion. *Id*. § 416.920c(b)(2). Under the supportability factor, medical opinions and prior administrative findings become more persuasive when supported by relevant objective medical evidence and thorough explanations

8

from the medical source. *Id*. § 416.920c(c)(1). Under the consistency factor, medical opinions and prior administrative findings gain persuasiveness when they align with evidence from both medical and non-medical sources throughout the claim record. *Id*. § 416.920c(c)(2). An ALJ must explain in its decision how these factors were considered in evaluating "a medical source's medical opinions or prior administrative medical findings." *Id.* § 416.920c(b)(2).

Plaintiff argues that in addressing supportability, "the ALJ mentioned support, but failed to actually discuss any specific evidence from the providers' own treatment records that would fail to support the opined limitations." (ECF No. 10 at 19.) The Court disagrees. With respect to Dr. Khanna and LCSW Christie, the ALJ's decision reflects that "[n]either [LCSW Christie], nor Dr. Khanna appears to have provided any direct treatment for the claimant since her amended disability onset date." (AR 27.) ALJs may properly rely on "what [the record] does not say," when assessing a medical opinion's persuasiveness. *Lane v. Comm'r of Soc. Sec.*, 100 F. App'x 90, 95 (3d Cir. 2004) (citing *Dumas v. Schweiker,* 712 F.2d 1545, 1553 (3d Cir. 1983)). Here, the absence of evidence that Dr. Khanna or LCSW Christie personally treated Plaintiff since her disability onset date satisfies the substantial evidence standard—"more than a mere scintilla"—for the supportability factor. *Hagans*, 694 F.3d at 292; *see also Maria G. v. Comm'r of Soc. Sec.*, Civ. No. 24-7056, 2025 WL 1797612, at *5 (D.N.J. June 30, 2025) (affirming an ALJ's finding that a doctor's report was unpersuasive given that the doctor "was not [actively] treating [the p]laintiff for the [ ] conditions he cited as [the] basis for the [plaintiff's] limitations").)

The ALJ's finding that LSW Karpf's opinion was unpersuasive is likewise supported by substantial evidence. The ALJ found that LSW Karpf's "own therapy treatment records . . . do not contain any objective/clinical observations of the claimant which would support the degree of

9

mental functional limitations that [LSW Karpf] asserted in [the] questionnaire." (AR 27.)[7] For example, the ALJ noted LSW Karpf's July 2022 observation that, despite Plaintiff's subjective reports of hallucinations approximately twice a week, she otherwise appeared to "have normal speech, good grooming, normal psychomotor behaviors, a euthymic mood, appropriate affect, logical thought process, [and] fully oriented in all spheres with fair insight." (AR 24; *see also Robert P. v. Comm'r of Soc. Sec.*, Civ. No. 24-273, 2025 WL 226266, at *5 (D.N.J. Jan. 17, 2025) (affirming ALJ's finding that a doctor's severe limitation assessment was unpersuasive given the doctor's own treatment records "showed a stable patient with few complaints").)

Regarding consistency, Plaintiff argues that the ALJ fails to provide specific examples in Plaintiff's longitudinal treatment records that would allow the Court to understand why the treating providers' opinions were not deemed persuasive. (*See* ECF No. 10 at 19-22.) This argument misrepresents the "reasonable articulation standard" which "does not require written analysis about how [the ALJ] considered each piece of evidence." *Joseph P. v. Comm'r of Soc. Sec.*, Civ. No. 21-13524, 2023 WL 1929945, at *5 (D.N.J. Feb. 10, 2023). Instead, the ALJ's decision need only "allow a subsequent reviewer . . . to trace the path of an adjudicator's reasoning." *Id*. (quoting 82 Fed. Reg. 5844-01, at 5858).

The ALJ found that the degree of limitation asserted in these providers' questionnaires was "not consistent with [Plaintiff's conservative] level of mental health treatment" based on Plaintiff's more recent treatment records from other providers at Positive Reset Mental Health Clinic. (AR 27). While Plaintiff asserts that her recent stable treatment history has no bearing on the

---

[7] While the ALJ provides a general citation to LSW Karpf's treatment records in support of her persuasiveness determination, (*see* AR 27), the ALJ discusses LSW Karpf's specific treatment records earlier in the decision when analyzing Plaintiff's testimony and RFC (*id*. at 24). An ALJ may "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024).

10

persuasiveness of the treating providers' opinions, (*see* ECF No. 15 at 3), this argument contradicts Third Circuit precedent, which encourages ALJs to analyze a plaintiff's treatment history.[8] *See Myers v. Comm'r of Soc. Sec.*, 684 F. App'x 186, 192 (3d Cir. 2017) (affirming the ALJ's finding that a doctor's opinion that the plaintiff had a disability was unpersuasive given "the treatment itself was conservative, medication lessened symptoms, and the treatment notes do not support the severity indicated in the [doctor's opinion]"); *Garrett v. Comm'r of Soc. Sec.*, 274 F. App'x 159, 164 (3d Cir. 2008) (finding that substantial evidence supported the ALJ's finding that a plaintiff was not disabled given her conservative treatment, lack of hospitalization, and ability to perform household chores and activities of daily living); *Clarke v. Comm'r of Soc. Sec.*, Civ. No. 23-1484, 2024 WL 4252054, at *1, n. 1 (W.D. Pa. Sept. 20, 2024) ("Plaintiff[ ] overlooks that an ALJ is permitted to – and in fact required to – consider the nature of a claimant's treatment history based on the evidentiary record.").

Additionally, earlier portions of the ALJ's opinion include a detailed discussion of how Plaintiff's longitudinal treatment records reflect continued improvement in symptoms, which is facially inconsistent with the degree of limitations suggested by the treating providers.[9] *See Robert*

---

[8]     In support of this argument, Plaintiff cites *Chalmers v. Saul*, Civ. No. 20-1082, 2021 WL 1122135, at *5 (E.D. Pa. Mar. 24, 2021), in which the court asserted that "stability in a treatment setting does not justify discrediting a doctor's opinion that, outside of the treatment setting, the claimant has limitations in functioning." *Chalmers* involved a claim filed prior to March 27, 2017, when regulations required an ALJ to give greater weight to treating medical sources. *See id*. at *4. However, *Chalmers*' holding has limited relevance to the instant case because, for all claims filed after March 27, 2017, the new regulations eliminated the hierarchy of medical source opinions that previously favored treating sources. *Compare* 20 C.F.R. §§ 404.1527, 416.927 *with* 20 C.F.R. §§ 404.1520c(a), 416.927c(a) (providing that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources").

[9]     For example, the ALJ notes that "in contrast to the claimant's testimony, the claimant's longitudinal treatment records establish that regular outpatient therapy and a stable regiment of psychotropic medicine has been effective in improving her symptoms." (AR 25.) Plaintiff's "schizophrenia has been found to be in remission and the record contains no evidence that the

11

*P.*, 2025 WL 226266, at *5 (holding that an ALJ may properly consider the effectiveness of a plaintiff's treatment in making a disability determination); *see also Dearth v. Barnhart*, 34 F. App'x 874, 875 (3d Cir. 2002) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling") (citing *Gross v. Heckler*, 785 F.2d 1163, 1165-66 (4th Cir. 1986)). Throughout the opinion, the ALJ provides numerous chronological examples with specific cites to the record showing how Plaintiff's "mental impairments remained stable" and even improved over time. (*See* AR 24-28.) The ALJ discusses how the objective mental status examinations were "unremarkable," and how Plaintiff's providers routinely described Plaintiff as having a euthymic mood, appropriate affect, intact cognition, and good insight and judgment. (*See id*. at 24-26; *see also Ilana W. v. O'Malley*, Civ. No. 23-02053, 2024 WL 1928533, at *6 (D.N.J. Apr. 30, 2024) (finding that the ALJ provided adequate reasoning for discounting a medical opinion where the ALJ had supported the finding with a "thorough discussion of the Administrative Record" throughout the RFC determination).)

Plaintiff also argues that the ALJ failed to consider that the treating providers' opinions are consistent with each other. (ECF No. 10 at 22-23.) However, internal consistency among the three opinions does not mean that the ALJ was "required to find these opinions persuasive on this basis." *Tomczak v. Kijakazi*, Civ. No. 21-14107, 2022 WL 2473441, at *11 (D.N.J. July 6, 2022) (affirming ALJ's persuasiveness decision involving the assessment of two medical opinions that were consistent with each other, but inconsistent with the record as a whole); *see also Christine F. B. v. Bisignano*, Civ. No. 24-5210, 2025 WL 1830603, at *6 (E.D. Pa. June 30, 2025) (stating that the "ALJ was not required to specify whether [the two treating providers'] opinions [were]

---

claimant has required any higher level of care, such as inpatient psychiatric treatment or even a referral for an intensive outpatient program/partial hospitalization program." (*Id*.)

12

consistent [with each other], as [the p]laintiff claims"). Indeed, "the ALJ's finding that [all three] opinions were inconsistent with the record was sufficient to discount the doctors' opinions." *Tomczak*, 2022 WL 2473441, at *11.

In sum, the ALJ's finding that the treating providers' opinions were unpersuasive was a "rational" conclusion "supported by substantial evidence." *Gober*, 574 F.2d at 775-76 (3d Cir. 1978) (citation omitted). The ALJ's decision shows that the ALJ properly considered the providers' medical findings but found them unpersuasive in light of other medical evidence in the record. *See Zaborowski*, 115 F.4th at 640 (finding that the ALJ did not "need to say more" about the plaintiff's treating psychiatrist beyond noting that the medical opinion was "not consistent with the record that show[ed] that the claimant ha[d] social avoidance issues, but he [was] able to cope within his limits"); *see also Phillips v. Barnhart*, 91 F. App'x. 775, 780 n.7 (3d Cir. 2004) ("A written evaluation of every piece of evidence is not required. . . . Moreover, the ALJ's mere failure to cite specific evidence does not establish that the ALJ failed to consider it."). Although Plaintiff may disagree with the ALJ's conclusions, where "evidence in the record is susceptible to more than one rational interpretation," the Court "must accept the Commissioner's conclusion." *Izzo*, 186 F. App'x at 284.

## V.     CONCLUSION

For the foregoing reasons, and other good cause shown, the Commissioner's final decision is **AFFIRMED**. An appropriate Order follows.

Dated: July 8, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE